33 F.3d 58
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger W. KNIGHT, Plaintiff-Appellant,
v.
Royanne M. KNIGHT; Stephen C. Pierren, Attorney; Kathryn
L. Kafka, in her capacity as Assistant Attorney
General of the State of Washington,
Defendants-Appellees.
 No. 93-35365.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 10, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roger W. Knight appeals pro se the district court's summary judgment for defendants in Knight's 42 U.S.C. Sec. 1983 action alleging that his civil rights were violated by the entry and enforcement of a dissolution decree. Knight also appeals the district court's denial of his motion for leave to file an amended complaint and the district court's award of Rule 11 sanctions. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Background
 
 
 4
 The district court entered summary judgment for Knight's ex-wife, Royanne M. Knight ("Swanson"),[1] and the Assistant Attorney General, Kathryn L. Kafka, finding that Knight's prior section 1983 action based on the same facts serves to bar his claims for relief. The district court also entered summary judgment for Swanson's attorney, Stephen C. Pierren, finding that Knight's claims against Pierren are barred by the doctrine of defensive collateral estoppel.
 
 
 5
 On appeal, Knight contends that the district court erred by finding that his claims against Swanson and Kafka are barred by the doctrine of res judicata, and that his claims against Pierren are barred by defensive collateral estoppel. Knight also contends that the district court abused its discretion by denying his motion for leave to amend his complaint, and by awarding defendants Rule 11 sanctions.
 
 II
 Merits
 A. Summary Judgment
 
 6
 We review the district court's grant of summary judgment de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). Summary judgment is appropriate where, viewing the evidence in the light most favorable to the non-moving party, no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
 
 1. Defendants Swanson and Kafka
 
 7
 Knight contends that the district court erred by finding that his claims against Swanson and Kafka are barred by the doctrine of res judicata. This contention lacks merit.
 
 
 8
 We review de novo the district court's determination that an action is barred by the doctrine of res judicata. Clark v. Hass Group, Inc., 953 F.2d 1235, 1237 (9th Cir.1992). "Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Id. The test for whether a subsequent action is barred by res judicata is whether it arises from the same transaction or series of transactions as the original action. Western Systems, Inc. v. Ulloa, 958 F.2d 864, 871, cert. denied, 113 S.Ct. 970 (1993). Whether two claims are part of the same transaction or series of transactions depends upon whether they are related to the same set of facts and whether they could conveniently be tried together. Id. One group of facts may give rise to different claims for relief upon different theories of recovery, yet still constitutes a single cause of action. Clark, 953, F.2d at 1239 (citing Smith v. City of Chicago, 820 F.2d 916, 918 (7th Cir.1987)).
 
 
 9
 In Knight v. Knight, CV-91-949Z ("Knight I"), Knight asserted a cause of action under 42 U.S.C. Sec. 1983 against Swanson and Kafka alleging that Washington child support statutes violate the Constitution and the Anti-Peonage Act, 42 U.S.C. Sec. 1994. Knight sought injunctive relief against Kafka to prevent enforcement of his dissolution decree and monetary damages from Swanson. The district court granted summary judgment for defendants in Knight I.
 
 
 10
 In the present action, ("Knight II"), Knight alleges that entry of the dissolution decree violated his due process rights. Knight also alleges that the Attorney General's office was improperly awarded sanctions in the state appellate court. Knight seeks monetary damages and an injunction prohibiting defendants from enforcing either the dissolution decree or the fee award.
 
 
 11
 In both Knight I and Knight II, Knight sought to avoid enforcement of his dissolution decree. In Knight I, Knight sought to avoid the decree on substantive grounds by alleging that the statutes upon which the decree was based violate the Constitution. In Knight II, Knight seeks to avoid the decree on procedural grounds by alleging that the decree itself violates the Constitution. The allegations in Knight II arise from the same set of facts as Knight I and could have been conveniently tried as part of Knight I. See Ulloa, 958 F.2d at 871. Knight is merely attempting to defeat the application of res judicata by simply alleging different legal theories. See Clark, 953 F.2d at 1239. Thus, the district court did not err by holding that Knight's claims against Swanson and Kafka are barred by the doctrine of res judicata. See Clark, 953 F.2d at 1239.
 
 
 12
 Knight contends, however, that he could not have litigated these issues in the context of Knight I because he was unaware of information which served as the basis for Knight II. This contention lacks merit. See Ulloa, 958 F.2d at 871 (mere ignorance of the facts supporting a claim does not defeat the defense of res judicata).
 
 
 13
 Knight also contends that he could not have litigated the claim regarding the state appellate court's attorney's fee award in Knight I because the fees were not awarded until after Knight I was filed. This contention has merit. Nevertheless, because the attorney's fees award is a final state court decision, the district court lacked subject-matter jurisdiction to entertain the claim. See Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989) (district courts "do not have jurisdiction over direct challenges to final decisions of state courts"). Accordingly, we affirm the district court's summary judgment for defendants on this claim. See United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992) (we may affirm on any ground supported by the record), cert. denied, 113 S.Ct. 1945 (1993).
 
 2. Defendant Pierren
 
 14
 Knight correctly contends that the district court erred by finding that his claims against Pierren are barred by the doctrine of defensive collateral estoppel because the claims were not actually litigated in a prior proceeding. See Parklane Hosiery Co. v. Shore, 439 U.S. 327-329 (1979) (collateral estoppel may bar a plaintiff from asserting a claim that was actually and necessarily determined by a court of competent jurisdiction). Nevertheless, we may affirm on any ground supported by the record. Washington, 969 F.2d at 755.
 
 
 15
 To state a section 1983 claim, the plaintiff must allege facts showing that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or federal law. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). A private person may act under color of state law if he willfully participates in joint action with state officials to deprive others of their constitutional rights. Taylor v. List 880 F.2d 1040, 1048 (9th Cir.1989). The private party must share the common objective of the conspiracy or enter into an agreement with the state actor. Id. Vague and conclusory allegations are insufficient to support a claim for civil rights violations based on conspiracy. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 16
 Here, Pierren is a private party and was not otherwise acting under color of state law. See Karim-Panahi, 839 F.2d at 624. Furthermore, Knight failed to allege any facts to support a claim that Pierren conspired with a state actor. See Taylor, 880 F.2d at 1048. Thus, Knight failed to state a section 1983 claim against Pierren. See id. Accordingly, we affirm the district court's summary judgment for Pierren. See id.
 
 B. Leave to Amend
 
 17
 Knight contends that the district court erred by denying him leave to amend his complaint. This contention lacks merit.
 
 
 18
 We review the denial of leave to amend after a responsive pleading has been filed for an abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). Fed.R.Civ.P. 15(a) provides that leave shall be freely given when justice so requires. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1472 (9th Cir.1987), cert. denied, 484 U.S. 1006 (1988).
 
 
 19
 Here, the proposed amendment adds an allegation that Knight's federal rights were violated when a lien was filed against his property, and a notice of payroll deduction was amended to include 50% of his annual bonus. Knight alleges that the lien and the payroll deduction were not authorized by state law because they were based on an attorney's fees award.
 
 
 20
 The lien and payroll deduction, however, were imposed pursuant to sections 74.20A.060 and 74.20A.040 of the Washington Revised Code which authorizes the collection of child support debts. Under section 74.20A.020(10), a "support debt" includes "attorneys fees and other costs of litigation awarded in an action to establish and enforce a support obligation or debt." Wash.Rev.Code Sec. 74.20A.020(10). Because the attorney's fees were awarded in an action to enforce a support obligation, the lien and payroll deductions were authorized by state law. Accordingly, the district court did not abuse its discretion by denying Knight leave to amend his complaint because the amendment would have been futile. See Franciscan Ceramics, 818 F.2d at 1472.
 
 C. Rule 11 Sanctions
 
 21
 Knight contends that the district court erred by awarding defendants attorney's fees and costs under Fed.R.Civ.P. 11. This contention lacks merit.
 
 
 22
 We review the district court's award of sanctions under Rule 11 for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). Under Rule 11, sanctions may be imposed for (1) frivolous filings, and (2) filings made for an improper purpose. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1991) (en banc). Because Knight filed a frivolous action, the district court did not abuse its discretion by imposing Rule 11 sanctions. See id.
 
 V
 Sanctions on Appeal
 
 23
 Appellees request sanctions against Knight for filing a frivolous appeal. We have discretion to award damages and costs to the prevailing party where we determine that an appeal is frivolous. 28 U.S.C. Sec. 1912; Fed.R.App.P. 38; Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir.1991). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Bell, 922 F.2d at 1425. Because Knight's appeal is frivolous, we award costs and $750.00 in attorney's fees to each appellee. See Fed.R.App.P. 38; 9th Cir.R. 39-1.1.
 
 
 24
 Appellees also request that we enjoin Knight from filing further suits related to the enforcement, collection or implementation of the child support laws of the state of Washington. Federal courts have the power to enjoin litigants who have abusive and lengthy histories of litigation. 28 U.S.C. Sec. 1652(a); DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir.), cert. denied, 498 U.S. 1001 (1990). In the exercise of our discretion, we decline to do so here.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Knight's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Knight's ex-wife has changed her surname to Swanson