**Eldon D. and Kathy A. ANTHONY, Plaintiffs–Appellees,**

v.

**UNITED STATES of America, Defendant–Appellant.**

Nos. 91–1345, 91–1409.

United States Court of Appeals, Tenth Circuit.

March 3, 1993.

Paula K. Speck (Shirley D. Peterson, Asst. Atty. Gen., James A. Bruton, Acting Asst. Atty. Gen., Gary R. Allen & Gilbert S. Rothenberg, Dept. of Justice, Tax Div., Washington, DC, and Michael J. Norton, of counsel, U.S. Atty., Denver, CO, with her on the briefs), for defendant–appellant.

Darold W. Killmer (Gilbert M. Roman and Diane S. King with him on the brief), Feiger, Collison & Killmer, Denver, CO, for plaintiffs–appellees.

Before BALDOCK and KELLY, Circuit Judges and CAUTHRON, District Judge.[†]

PAUL KELLY, Jr., Circuit Judge.

This appeal arises out of a tax dispute between plaintiffs-appellees Eldon and Kathy Anthony and the Internal Revenue Service. The government appeals the district

† The Honorable Robin J. Cauthron, United States District Judge for the Western District of Oklahoma, sitting by designation.

court's summary judgment refunding interest paid by the Anthonys and awarding attorney's fees. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm in part and remand for additional findings on the fee award.

### Background

In 1984, the Internal Revenue Service (IRS) issued a notice of deficiency to Eldon Anthony for failure to file tax returns for the years 1978, 1979 and 1980. The IRS calculated the deficiency at $32,735.64. The Anthonys challenged the petition in Tax Court and entered into settlement negotiations with IRS officials. The parties settled for $15,367.00. IRS attorney John Weeda drafted a "decision document" and, at Mr. Anthony's request, included the following "finality clause:"

> It is further stipulated that this agreement constitutes a final civil settlement of taxes due for the years in issue.

Aplt.App. at 45. The document was signed by the taxpayer and an IRS representative and entered as an official decision of the Tax Court on January 27, 1987.

The IRS then attempted to collect the agreed upon amount, as well as an additional $19,183.35 in interest. The Anthonys eventually paid under protest and then instituted this suit, alleging that the settlement document included interest. Both parties moved for summary judgment and the district court ruled for the Anthonys, ordering the IRS to refund the interest amount and to pay reasonable costs and attorney's fees. The IRS appeals, alleging that the court erred by: (1) granting summary judgment for the Anthonys, because the document itself as well as extrinsic evidence indicate that interest was not included in the settlement, or alternatively, at least create a question of fact; (2) awarding attorney's fees when the government's position was correct, or at least reasonable; and (3) awarding an excessive amount of attorney's fees.

### Discussion

Our review of summary judgment is de novo and we apply the same legal standard used by the district court in evaluating the summary judgment motion and applying relevant law. Fed.R.Civ.P. 56(c); *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). We view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986); *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2512.

### I. The Decision Document

The district court ruled that the settlement document covered the entire amount of taxes, penalties and interest owed by taxpayers for the deficiency. The court found that the term "taxes" includes interest, and furthermore that the parties intended to include interest in the settlement. The IRS argues that the document allowed for the future assessment of interest, the parties did not intend to include interest, and the Tax Court had no jurisdiction to adjudicate interest.

### A. Tax Court Jurisdiction

■ The Tax Court is a court of limited jurisdiction and is not empowered to decide general questions relating to interest. *Commissioner v. McCoy*, 484 U.S. 3, 7, 108 S.Ct. 217, 219, 98 L.Ed.2d 2 (1987). Interest generally is not determined until after the Tax Court has assessed a deficiency. *Id.* However, the Tax Court's decision in this case was merely a pro forma acceptance of the parties' stipulated agreement. *See United States v. International*

*Bldg. Co.*, 345 U.S. 502, 504–05, 73 S.Ct. 807, 808–09, 97 L.Ed. 1182 (1953). The Tax Court did not make an independent determination of interest due, and the issue is a proper subject of this litigation. *See Id.*

### B. The Document

■ A settlement document is a contract and is construed using ordinary principles of contract interpretation. *See United States v. ITT Continental Baking Co.*, 420 U.S. 223, 235–38, 95 S.Ct. 926, 934–35, 43 L.Ed.2d 148 (1975); *Republic Resources Corp. v. ISI Petroleum West Caddo Drilling Program 1981*, 836 F.2d 462, 465 (10th Cir.1987). Where a contract is unambiguous, its terms are given plain meaning, and the intent of the parties is determined from the document alone. *Republic Resources*, 836 F.2d at 465; *Koch v. Koch*, 903 F.2d 1333, 1335 (10th Cir.1990).

The taxpayers and the IRS each argue that the plain language of the document supports their position. The IRS directs our attention to a "waiver" clause in the settlement agreement, while the Anthonys point to the "finality clause" set out above. We find neither clause dispositive, and the Internal Revenue Code fails to define interest in this context.

■ We next look to the nature of the agreement. Entitled "settlement document," the Anthonys argue that it is analogous to a "compromise" and therefore constitutes a full and final payment. The government prefers that we view it as a "closing agreement," which would not include interest. The document does not satisfy the Code requirements for either and so remains open to interpretation. *See* 26 U.S.C. §§ 7121, 7122; 14 Jacob A. Mertens, *Mertens Law of Federal Income Taxation* § 52 (specific forms required for closing agreements and compromises). Although we have previously held that Congress has set out a statutory procedure for the settlement of tax disputes which precludes informal agreements, *Uinta Livestock Corp. v. United States*, 355 F.2d 761, 765 (10th Cir. 1966), this was not an informal agreement but a stipulation by the parties, issued as a decision of the Tax Court. The agreement

therefore is valid, and we must turn to the intentions of the parties to construe the document.

■ The uncontroverted evidence shows that the IRS assured the Anthonys that the settlement covered all civil liability. The IRS attorney who drafted the document, John Weeda, testified in his deposition that he included the "finality clause" because of Mr. Anthony's concern that the settlement be "final" and conclude all "civil liability." Aplee.Supp.App., doc. 2 at 35, 38–39. Mr. Weeda informed Mr. Anthony that the settlement would "take care of the civil aspects" of the case, but not fraud. *Id.* at 35. In Mr. Weeda's notes of a December 4, 1986 telephone conversation with Mr. Anthony, he recorded:

> Petitioner also had questions regarding waiver language and his concern that IRS not be able to come back after him for same years. Referenced him to IRC 7481 [and] assured him decision would be final excepting fraud.

Aplt.App. at 127. Furthermore, in a letter accompanying the decision document sent to Mr. Anthony by the IRS District Counsel's office, the IRS stated:

> ... we have included a clause that states explicitly the finality of this agreement for the years in question as regards the civil liabilities. We do not believe such a clause is necessary but have included it at your request and in the interest of settling this matter.

*Id.* at 85.

The IRS responds that the taxpayers should have been aware of the additional interest, arguing that it rarely waives interest and that Mr. Weeda has not waived interest in previous cases. These facts, however, are immaterial to the issue of the Anthonys' intent. The IRS further claims Mr. Weeda may have informed the taxpayers of the additional interest because, although he cannot specifically remember doing so in this case, he generally does "whenever the issue comes up." Aplee. Supp.App. doc. 2 at 46. The IRS concedes, though, that Mr. "Weeda could not remember with certainty telling these taxpayers

that interest would be added later." Aplt.Reply Br. at 13.

Summary judgment is appropriate because the IRS cannot produce evidence that would allow a reasonable trier of fact to find in its favor. All existing evidence, including deposition testimony by IRS employees, supports taxpayers' claim that they were assured that this settlement would resolve all civil liability. There is no probative evidence of a warning regarding separate interest. The government relies on the testimony of Mr. Weeda, but he cannot remember whether he explained interest to the taxpayers and, if so, whether he did so before or after execution of the document. Aplee.Supp.App., doc. 2 at 44–47. The government has failed to set forth specific facts showing that there is a genuine issue for trial. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990).

We are further mindful that an ambiguity is generally resolved against the drafter of the document. *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1344 (10th Cir.1992). This rule applies to the IRS as drafter of a stipulated agreement. *Clapp v. Commissioner*, 875 F.2d 1396, 1399 (9th Cir.1989). Although a taxpayer is not entitled to a settlement of tax liability as a matter of right, *Kennedy v. United States*, 965 F.2d 413, 418 (7th Cir.1992), where the government enters into an agreement with its citizens, it has a duty to act with at least a "minimum standard of decency, honor, and reliability...." *Heckler v. Community Health Serv.*, 467 U.S. 51, 61, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984). The Anthony's disputed the original $30,000 liability and settled with the service for $15,000. The service now seeks a judgment in excess of $30,000. We find that the taxpayers must prevail as a matter of law. The district court's order granting summary judgment in favor of the taxpayer is affirmed.

## II. Attorney's Fees

The government argues that the district court erred in awarding attorney's fees to the taxpayers under 26 U.S.C. § 7430, because the position of the service was "substantially justified." We review a district court's award of reasonable litigation costs to a prevailing taxpayer under an abuse of discretion standard. *Pate v. United States*, 982 F.2d 457, 459 (10th Cir. 1993).

To receive reasonable litigation costs under 26 U.S.C. § 7430, the taxpayer must prove that: (1) all administrative remedies have been exhausted; (2) the requested award constitutes "reasonable litigation costs" in accordance with § 7430(c)(4)(A); and (3) the taxpayer is the "prevailing party" as defined by § 7430(c)(4)(A). *Pate*, 982 F.2d at 459. We first address the "prevailing party" determination.

### A. Taxpayer as the "Prevailing Party"

A "prevailing party" is one who establishes that the position of the United States in a civil proceeding was not substantially justified and who has substantially prevailed in the controversy. 26 U.S.C. § 7430(c)(4)(A); *Pate*, 982 F.2d at 459. The government alleges that its position was substantially justified because the document did not specifically waive the payment of interest.

The Supreme Court has defined "substantially justified" as having a "reasonable basis both in law and in fact" or sufficient to "satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 563–65, 108 S.Ct. 2541, 2549–50, 101 L.Ed.2d 490 (1988). In making this determination, the court must look at all the facts and circumstances as well as relevant legal precedent, with the burden of proof on the taxpayer. *Pate*, 982 F.2d at 459. The government's failure to prevail in the underlying litigation does not make its position necessarily unreasonable, but it remains a factor for our consideration. *Heasley v. Commissioner*, 967 F.2d 116, 120 (5th Cir.1992).

Taxpayers argue that the government's position was unreasonable because the depositions of its employees should have put it on notice that the parties intended a full and final settlement, including interest. We agree. The facts indicate that the taxpayers repeatedly asked for and received

assurances from the government that the settlement document would cover their entire civil liability. We find no abuse of discretion in the conclusion that the government's pursuit of litigation in spite of these facts was unreasonable.

### B. Reasonableness of the Litigation Costs

█ Finally, the government contends that the district court erred in computing the award of attorney's fees. The court awarded fees in excess of the $75 per hour statutory rate and for time spent prior to the filing of the complaint. The court did not make specific findings as to the fee award. Attorney's fees awarded under § 7430 may not exceed $75 per hour unless the court determines that an increase in the cost of living or some other "special factor" requires it. *See* 26 U.S.C. § 7430(c)(1)(B)(iii). The taxpayer seeking reimbursement has the burden of establishing the reasonableness of the fees. *Heasley,* 967 F.2d at 123. We cannot review the district court's award of fees without a reasoned explanation of the award, *see Creske v. Commissioner,* 896 F.2d 250, 252 (7th Cir.1990); *Pierce,* 487 U.S. at 571–74, 108 S.Ct. at 2553–55, and we find no obvious reason for enhanced fees in the record before us. We therefore vacate the award of attorney's fees and remand to the district court with instructions to set forth its reasons for the amount.

### Conclusion

We AFFIRM the district court's grant of summary judgment in favor of the taxpayers. We VACATE the award of attorney's fees and REMAND to the district court for additional findings.