Hannah M. MARTIN, a minor By and Through her mother and next friend Sheryll A. MULICH, and Sheryll A. Mulich as the mother, natural guardian and next friend of Hannah Martin, Plaintiffs,

v.

INTEX RECREATIONAL CORPORATION, Zee Toys, Inc., and Carlin Plastics Products Manufacturing Co., Ltd., Defendants.

No. 91–2200–JWL.

United States District Court, D. Kansas.

July 15, 1994.

Timothy M. Alvarez and Robert V. Wells, Wells, Wells & Alvarez, Kansas City, KS, for plaintiffs.

Robert D. Benham and Daniel F. Church, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for defendants.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I. Introduction

This case involves product liability claims brought by plaintiffs against defendants based on a variety of theories, including defective design, failure to adequately warn of dangers, strict liability and breach of warranties. Plaintiffs allege that Hannah Martin was seriously injured while disassembling a play tent that was manufactured and distributed by defendants. The matter is currently before the court on defendants' motion for summary judgment (Doc. # 59). For the reasons set forth below, defendants' motion is denied.

### II. Factual Background

Plaintiff Hannah Martin was injured on or about August 28, 1988 while disassembling a play tent. The play tent consisted of a number of plastic tubular pipe and joint pieces that when fitted together formed a skeletal plastic frame in the shape of a house. This frame supported a flexible vinyl sheet cover that draped over and completely covered the plastic pipe frame. This style of play tent was sold by various companies, including Intex. The decorative designs on the flexible vinyl cover differ among manufacturers. Defendant Intex has marketed play tents using a variety of decorative printed covers since 1981 and continues to market such play tents at the present time.

At the time of her injury, Hannah was in the process of disassembling the play tent. As she was separating the pieces of plastic tubing, one of the tent poles allegedly was caused to come into contact with her eye, causing injury and damage to her eye. Following the plaintiff's injury her stepfather, Stacy Mulich, threw the play tent into the trash. The only pieces of the play tent that were saved are two plastic tubular pieces and two plastic joint pieces.

### III. Summary Judgment Standards

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). *Anthony v. United States,* 987 F.2d 670, 672 (10th Cir.1993). The court views the evidence and draws any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986); *Hall v. Bellmon,* 935 F.2d 1106, 1111 (10th Cir.1991). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2512.

### IV. Discussion

In their motion, defendants contend that they are entitled to summary judgment on plaintiffs' claims because plaintiffs cannot connect defendants to the play tent in question. Defendants contend that affidavit testi-

mony, and other evidence in the record, conclusively shows that the play tent could not have been manufactured by defendants.

■ Defendants first argue that the play tent could not have been manufactured by them because the design on the vinyl covering was of a type that they did not manufacture at the time the injury occurred. Defendants contend that the play tent which allegedly caused plaintiff's injury was red with characters from the cartoon strip "Peanuts" on it, specifically Snoopy and Woodstock. Defendants rely on affidavits of Krystal Carver and Christopher Byrd, who were friends of plaintiff, in which they aver that the play tent involved in the injury was decorated with the Peanuts characters. In response, plaintiffs have presented affidavits from Hannah's parents and from the person who allegedly bought the play tent and her son, who allegedly gave the play tent to Hannah's parents, all averring that the play tent in question was a Mickey Mouse Clubhouse. Defendants did manufacture and distribute a play tent of that variety at the time of the alleged injury. The court believes it would be difficult to find a more pure example of a disputed fact issue than is presented here. Accordingly, the court finds no basis for granting summary judgment to defendants based on this conflicting evidence.

■ Defendants' second argument is based on an analysis of the four plastic pieces that were saved from the play tent in question. The four pieces saved from the play tent in question were compared with pieces of an exemplar of the Mickey Mouse Playhouse which defendants contend was representative of the Mickey Mouse Playhouse manufactured by defendants from 1983 through 1989. Defendants contend that differences between the samples, including weight and color differences, conclusively show that the play tent involved in the injury could not have been manufactured by defendants. However, plaintiffs have presented evidence tending to show that the weight of the plastic tubing produced by defendants varied during the years in question. Plaintiff also points out that the plastic tubing pieces from the play tent that injured plaintiff are virtually identical in size and shape to those of the Mickey Mouse Playhouse. Accordingly, the court finds that a question of material fact exists as to whether the plastic tubing in question could have been manufactured by defendants.

■ Defendants make one additional argument, which is addressed for the first time in their reply brief, based on a claim of spoliation of evidence by plaintiffs. Defendants argue that due to the fact that Stacy Mulich, plaintiff Hannah Martin's stepfather, threw the play tent away immediately after the accident, except for the four remaining plastic tubular pieces, defendants have been greatly prejudiced in their ability to defend themselves in this action. Defendants argue that had the entire product been retained by plaintiffs, or even an identifying portion such as the box or vinyl covering, there would be no issue as to the identity of the manufacturer of the product. Defendants argue that plaintiffs spoliation of that portion of the product that would resolve the identity of the manufacturer of the alleged defective play tent should produce a rebuttable presumption that the evidence was contrary to plaintiffs' claims. Defendants then argue that plaintiffs could "in no way rebut this presumption" and therefore summary judgment is appropriate.

■ The court disagrees with defendants' conclusion that it is entitled to summary judgment on a theory based on plaintiffs' spoliation of the evidence. Destruction of potentially relevant evidence obviously occurs along a continuum of fault, ranging from innocence through degrees of negligence to intentionality. The resulting penalties vary accordingly, and can range from no adverse evidentiary consequences for destruction of evidence that is unintentional or is satisfactorily explained, through inferences, presumptions and burdens that can be imposed by a court, on up to separate causes of action against intentional spoliators. *See Welsh v. United States,* 844 F.2d 1239, 1246 (6th Cir. 1988). The nature of any inferences or presumptions to be made against a spoliating party is dependent upon the party's intent or motivation. *See generally Miller v. Montgomery County, Maryland,* 64 Md.App. 202,

494 A.2d 761 (1985). In the present case, no evidence has been presented to the court that Mr. Mulich was acting to intentionally destroy evidence when he threw away the play tent that caused his stepdaughter's injury. The court does not believe that the mere fact that Mr. Mulich threw away the play tent that caused the injury is sufficient to give rise to a presumption that the play tent was not of the style claimed by plaintiffs. Accordingly, defendants' motion for summary judgment on the grounds of spoliation of evidence is denied.

## V. Conclusion

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** defendants' motion for summary judgment (Doc. # 59) is denied.

**IT IS SO ORDERED.**