72 F.3d 137
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Edmond R. BROWN, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General, United States Postal
Service, Defendant-Appellee.
 No. 94-1243.
 United States Court of Appeals, Tenth Circuit.
 Dec. 7, 1995.
 
 ORDER AND JUDGMENT*
 Before SEYMOUR, Chief Judge, EBEL, Circuit Judge, and COOK,** District Judge.
 SEYMOUR, Chief Judge.
 
 
 1
 Mr. Edmond R. Brown brought this suit against his former employer, the United States Postal Service (Postal Service), for racial discrimination and retaliation in violation of 42 U.S.C. Sec. 2000e et seq. (Title VII), and for breach of a Last Chance Agreement, when the Postal Service terminated him. The district court granted the Postal Service's motion for summary judgment on both the Title VII and breach of contract claims. We affirm.
 
 
 2
 Mr. Brown's Last Chance Agreement stated that he could be terminated for failure to provide "acceptable documentation" for any unscheduled absence. Mr. Brown contends that "acceptable documentation" is ambiguous and the court was therefore required to look beyond the language of the contract itself for guidance.
 
 
 3
 "Where a contract is unambiguous, its terms are given plain meaning, and the intent of the parties is determined from the document alone." Anthony v. United States, 987 F.2d 670, 673 (10th Cir.1993); see also Tootsie Roll Indus. v. Local Union No. 1, 832 F.2d 81, 84 (7th Cir.1987) ("[T]he law of the shop cannot be relied upon to modify clear and unambiguous provisions."). In interpreting the phrase "acceptable documentation," the district court noted Webster's statement that "documentation" speaks of or bespeaks of a document. The court held there was no ambiguity in the definition of documentation; it did not include oral explanations. The court determined it therefore need not consider the ambiguity created by the word "acceptable." We agree with this interpretation of the agreement. Because Mr. Brown conceded he did not provide written documentation for any of his unscheduled absences, the district court correctly held that he violated the documentation requirement of the Last Chance Agreement.
 
 
 4
 Mr. Brown also contends his absences were scheduled rather than unscheduled because they were approved in advance. The Postal Service records absences on a Form 3971. The Postal Service established that a supervisor must make two separate determinations when recording absences: first, whether to approve the absence, and second, whether to submit the absence as scheduled. Whether an absence is scheduled depends upon whether an employee allowed the supervisor time to plan for operational needs in advance of the absence. The district court determined that at least six of Mr. Brown's absences were recorded on Form 3971 § as unscheduled.[1] In addition, Mr. Brown did not seek approval for any of his unscheduled absences prior to the day of the absence. Mr. Brown does not contend that he allowed the Postal Service time to plan for his absences; he simply asserts that he requested approval in advance. Accordingly, we hold that no genuine issue of material fact exists with respect to whether Mr. Brown's absences were unscheduled.[2]
 
 
 5
 Mr. Brown also argues that he was terminated on the basis of his race because (1) his supervisor used profanity when addressing a black employee; (2) his supervisor attempted to coerce a black employee into changing his testimony; (3) his supervisor altered the Form 3971 of a minority employee; (4) his supervisor allegedly had a personality conflict with a minority two years ago; and (5) no black has received a second Last Chance Agreement. Mr. Brown further contends that the causal connection requirement for a retaliation claim was satisfied because he was terminated less than six months after his EEO settlement.
 
 
 6
 A race discrimination claim under Title VII requires the plaintiff to prove that his termination was the result of intentional discrimination based on race. EEOC v. Flasher Co., 986 F.2d 1312, 1316 (10th Cir.1992). "Differential treatment not premised on rational business policy may in some instances support an inference of illegal discriminatory intent...." Id. at 1320. However, "the defendant does not have to prove why the differential treatment occurred; it is up to the plaintiff to prove why it did occur--and to prove that it was caused by intentional discrimination against a protected class." Id. The district court held that the evidence submitted by Mr. Brown was insufficient to create a genuine issue for trial on whether he was terminated because of his race. The court further held that the alleged causal connection did not justify an inference of retaliatory motive. We agree. While there is evidence that Mr. Brown's supervisor did not treat certain minorities with dignity and respect, we cannot say that the district court's grant of summary judgment was incorrect.
 
 
 7
 We are not persuaded that the district court otherwise erred. The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 The Honorable H. Dale Cook, Senior District Judge, United States District Court for the Northern District of Oklahoma, sitting by designation
 
 
 [1]
 We note that if Mr. Brown failed to provide documentation for any unscheduled absence, he violated his Last Chance Agreement
 
 
 [2]
 Because we hold that Mr. Brown violated the documentation requirement of his Last Chance Agreement we do not address his other claims with respect to the Agreement