**Karen GARCIA–PAZ, Plaintiff,**

v.

**SWIFT TEXTILES, INC., Defendant.**

No. 95–2437–JWL.

United States District Court,
D. Kansas.

Sept. 9, 1996.

Ruth M. Benien, Benien & Kaplan, Chartered, Kansas City, KS, for plaintiff.

David J. Adkins, Bennett, Lytle, Wetzler, Martin & Pishny, L.C., Prairie Village, KS, Michael L. Blumenthal, Edward Katze, Constangy, Brooks & Smith, Atlanta, GA, for defendant.

### *MEMORANDUM AND ORDER*

LUNGSTRUM, District Judge.

This matter is presently before the court on defendant's motion for summary judgment (Doc. # 19). For the reasons set forth below, defendant's motion is granted.

### I. Facts

In 1989, defendant hired plaintiff as an account executive. In 1990, plaintiff was diagnosed with multiple sclerosis. On September 29, 1992, defendant terminated plaintiff's employment. Plaintiff subsequently applied for long-term disability insurance benefits and the insurance company approved her claim, with disability beginning the date of her termination. The Social Security Administration also began paying plaintiff disability benefits.

In 1994, plaintiff sued defendant, alleging disability, age, and gender discrimination, both in terminating her and for pre-termination conduct; harassment based on disability, age, and gender; breach of her employment contract; and intentional and negligent infliction of emotional distress. *Garcia–Paz v. Swift Textiles, Inc. (Garcia–Paz I)*, 873 F.Supp. 547 (D.Kan.1995). On January 2,

1995, defendant was granted summary judgment on all claims. *Id.*

To succeed on her disability discrimination claim under the Americans With Disabilities Act (ADA), plaintiff had to show that she was a "qualified individual with a disability," i.e., "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* at 554 (quoting 42 U.S.C. §§ 12112(a), 12111(8) (1994)). Defendant argued that at the time of her termination plaintiff was totally disabled from performing her job. *Id.* The district court granted defendant summary judgment on plaintiff's claim of disability discrimination in her termination, holding as a matter of law that plaintiff was not a "qualified individual with a disability" on or after September 29, 1992. *Id.* at 556. The court stated:

> On this record, the Court must conclude that plaintiff is not a "qualified individual with a disability," and that on these facts, plaintiff is estopped from claiming otherwise for any period on or after September 29, 1992. Plaintiff, her counsel, and her physician have consistently represented that as of that date, because of injury or sickness, she has been unable to perform each material duty of her regular occupation. Having collected substantial benefits, based on these unambiguous and seemingly informed representations, plaintiff is estopped from now claiming that she *could* perform the essential functions of her position.

*Id.* at 555 (citations omitted). In a footnote, the court further stated:

> Plaintiff's position in this case is fundamentally at odds with the position which she has taken for purposes of obtaining long-term disability and social security disability benefits. To obtain such benefits, plaintiff has taken the position that she is unable because of sickness or injury to perform each material duty of her regular occupation. Plaintiff claims that "with accommodation" (more time, because of her reduced energy level) she fulfilled her job responsibilities until the date of termination. For periods on and after Septem-

ber 29, 1992, however, the record contains no medical evidence that plaintiff can perform any essential function of her former position, with or without accommodation. *Id.* at 554 n. 4.

Plaintiff commenced the present action on September 29, 1995. In this action, plaintiff alleges violations of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461 (1994), and breach of contract. Specifically, plaintiff alleges that defendant denied her certain benefits to which she was entitled by virtue of her long-term disability. Plaintiff claims that defendant wrongfully (1) reported the incorrect amount to the insurance company for purposes of determining the proper long-term disability payments, (2) failed to pay her full salary for the two months following her total disability on September 29, 1992, (3) failed to adjust her pension contribution to account for the additional two months' salary, and (4) discontinued her life and health insurance.

## II. Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anthony v. United States,* 987 F.2d 670, 672 (10th Cir.1993). The court views the evidence and draws any inferences in the light most favorable to the party opposing summary judgment, but that party must identify evidence sufficient to require submission of the case to a jury. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986); *Anthony,* 987 F.2d at 672.

### A. Preemption

■ Defendant argues that plaintiff's breach of contract claim is preempted by ERISA. The court agrees. A common law contract claim is preempted "if the factual basis of the cause of action involves an employee benefit plan." *Kelso v. General Am. Life Ins. Co.,* 967 F.2d 388, 390 (10th Cir. 1992) (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 62, 107 S.Ct. 1542, 1545, 95 L.Ed.2d 55 (1987)). By her breach of contract claim, plaintiff argues that defen-

dant failed to grant her benefits to which she was entitled under defendant's employee benefit plan. Therefore, under *Kelso,* plaintiff's contract claim is preempted, and defendant is granted summary judgment as to that claim.

### B. Res Judicata

■ Defendant also argues that plaintiff's ERISA claim is precluded under the doctrine of res judicata because it could have been raised in *Garcia–Paz I.*

Res judicata is a rule of fundamental and substantial justice that enforces the public policy that there by an *end* to litigation. By preventing repetitious litigation, application of res judicata avoids unnecessary expense and vexation for parties, conserves judicial resources, and encourages reliance on judicial action.

*May v. Parker–Abbott Transfer & Storage, Inc.,* 899 F.2d 1007, 1009 (10th Cir.1990) (citations omitted). "Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Clark v. Haas Group, Inc.,* 953 F.2d 1235, 1238 (10th Cir.), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 58 (1992). Res judicata thus bars further claims "based on the same cause of action." *Petromanagement Corp. v. Acme–Thomas Joint Venture,* 835 F.2d 1329, 1335 (10th Cir.1988) (quoting *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979)).

■ The parties have not changed from *Garcia–Paz I,* and a judgment on the merits was reached in that case. Therefore, plaintiff's ERISA claim is barred to the extent that it is based on the same cause of action as before.

For determining what constitutes a single "cause of action" for purposes of res judicata, the Tenth Circuit has adopted the Restatement's "transactional approach." *Petromanagement,* 835 F.2d at 1335. Section 24 of the Restatement provides:

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger

and bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of transactions, out of which the action arose.

(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) of Judgments § 24 (1982).

Plaintiff argues that her claims in the two suits are not based on the same cause of action because the first suit involved her termination and prior conduct by defendant, while the second suit involves only defendant's conduct after her termination. The court disagrees. Plaintiff's claims are closely related because in each case the same issue is paramount—whether plaintiff was disabled on September 29, 1992. This identity of factual issue is sufficient to satisfy the "single cause of action" requirement.

Plaintiff correctly notes that in *Garcia–Paz I* the court did not actually rule that she was totally disabled; rather, the court held that plaintiff was not a "qualified individual with a disability" for purposes of the ADA. *Garcia–Paz I*, 873 F.Supp. at 556. Along the way, the court ruled that plaintiff was judicially estopped from asserting otherwise, and it indicated that plaintiff had not presented sufficient evidence that she was a "qualified individual" at any rate. *Id.* at 555, 554 n. 4. Plaintiff suggests that the ruling in *Garcia–Paz I* is not dispositive of the issue of her

total disability for determining long-term disability benefits eligibility because qualification under the ADA and total disability for benefits purposes are not necessarily the same thing. *See Overton v. Reilly,* 977 F.2d 1190 (7th Cir.1992) (finding of disability by Social Security Administration did not necessarily mean not "qualified" under Rehabilitation Act).[1]

■ Plaintiff's argument misses the mark. Unlike collateral estoppel, res judicata does not require that the issue actually have been litigated. Instead, the court asks whether the claim *should have been* brought earlier. Therefore, it is not relevant that the question of plaintiff's total disability on September 29, 1992, was not decided in *Garcia–Paz I.* It *is* relevant that the same basic facts relating to plaintiff's medical condition and her ability to work are at issue in both cases.[2]

Thus, the Restatement factors weigh in favor of a finding that plaintiff's claims are based on a single cause of action. The facts of each claim, which necessarily involve plaintiff's medical condition on September 29, 1992, are sufficiently related. *Cf. Herrmann v. Cencom Cable Assocs.,* 999 F.2d 223, 226 (7th Cir.1993) (in absence of factual connection, Title VII claim relating to termination was not precluded by earlier COBRA/ERISA claim for continuation of benefits after termination). Moreover, in light of the common factual issue, the claims do form a convenient trial unit. Finally, the possibility of defendant's asserting its most obvious defense—that plaintiff was not in fact totally disabled—gave rise to a reasonable expectation that plaintiff was required to bring her claims in the same action.

For purposes of this analysis, it does not matter that a single action would have required plaintiff to espouse seemingly contradictory positions. The comments to the Re-

---

**1.** Under the ADA, the inquiry is whether the person can perform that particular job. According to plaintiff's submissions, the inquiry for determining total disability under defendant's benefits package is whether the person can perform *any* job. Thus, one could seemingly be neither "qualified" nor totally disabled.

**2.** Plaintiff asserts that whether or not she was totally disabled is not at issue here because the

insurance company has already deemed her so; thus, according to plaintiff, this action only concerns consequences flowing from that decision. Plaintiff's claim is against defendant, however, who on the record of this case has not shown to be bound by the act of its insurer. The defense that plaintiff was not totally disabled would be available to defendant in this action.

statement make clear that claims arising out of the same transaction must be brought together even though mutually exclusive remedies may be sought. Restatement § 25 cmt. k. The reporter's note to that comment states:

The [former] Comment said that where the plaintiff failed to establish the basic proposition and therefore failed in the action, he was free to commence a second action on the contrary proposition. In the view taken in the present Comment, that is true only where the second proposition could not be availed of alternatively in the first action.

Restatement § 25 cmt. k, note. Here, plaintiff could have pleaded alternatively and so brought her claims in one suit;[3] thus, under the Restatement, the second, separate suit is barred. *See Clark,* 953 F.2d at 1239 (noting that Fed.R.Civ.P. 8 provides for alternative pleading).

Plaintiff's claims are also sufficiently related because both arose out of her employment relationship with defendant. In *Clark,* a former employee's claim for unpaid overtime under the Fair Labor Standards Act was dismissed with prejudice. *Clark,* 953 F.2d at 1236. In a second suit against the employer, the plaintiff alleged age discrimination and an equal pay violation. *Id.* The Tenth Circuit held that the claims raised in the second suit were precluded under the "single transaction" standard:

There was a single "transaction" in that the "claims" in each case were predicated on Clark's employment with HGI from January 11, 1984 through October 31, 1986. The only distinction in the suits involved the legal theories Clark advanced.

*Id.* at 1239. Similarly here, plaintiff's employment with defendant constituted the single "transaction" or "cause of action" out of which all of her claims arose.

Finally, the Tenth Circuit has held that "a 'contract' is generally considered to be a 'transaction,' so that all claims of contractual beach not brought in an original action would be subject to bar of claim preclusion, so long as the breaches antedated the original action." *Petromanagement,* 835 F.2d at 1336. In the first action, plaintiff raised a claim of wrongful termination; in the second, plaintiff alleges that defendant has not afforded her proper benefits. Therefore, in both actions plaintiff has alleged breaches of her employment contract by defendant, and res judicata prohibits plaintiff's bringing the claims in separate suits. *See Thibodeau v. Foremost Ins. Co.,* 605 F.Supp. 653 (N.D.Ind.1985) (claims related to termination barred under res judicata by employee's earlier claim regarding benefits and salary because all claims were for breach of the employment contract).

In summary, the court concludes that, under the Restatement's "transaction" test adopted by the Tenth Circuit, plaintiff's ERISA claim and the claims involved in *Garcia-Paz I* arose out of the same cause of action. Accordingly, res judicata bars the present action.

**IT IS THEREFORE ORDERED THAT** defendant's motion for summary judgment is granted, and plaintiff's claims are hereby dismissed.

**IT IS SO ORDERED.**

---

**3.** It is important to the court's decision that plaintiff knew of the alleged problems with her benefits at the time she filed the first suit in 1994, and so could have brought all of her claims in one action. If such problems had arisen *after* plaintiff raised the claims involved in *Garcia-Paz I,* a different result might be warranted.