**Kim Faye DOUGLAS, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendants.**

No. 96–2306–JWL.

United States District Court, D. Kansas.

Oct. 30, 1997.

James E. Kunce, Overland Park, KS, for Plaintiff.

Rosalee M. McNamara, Charles J. Williams, David C. Vogel, Lathrop & Gage L.C., Kansas City, MO, for Defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff brought a federal disability discrimination claim and a retaliation claim against her employer. The matter is presently before the court on defendant's motion for summary judgment (Doc. 39). For the reasons set forth below, defendant's motion is granted.

## I. Facts[1]

Plaintiff Kim Douglas began working for defendant General Motors Corporation ("GM") at GM's Leeds plant in 1977. In 1991, she transferred to GM's Fort Wayne, Indiana plant. Before she began working at GM, plaintiff worked as a postal assistant with the United States Post Office, in the personnel department at the Kansas City Police Department, and as a telephone operator for Southwestern Bell. She is a high school graduate and has pursued some college studies. She is nearing completion of the educational requirements she needs to obtain a paralegal certificate. Plaintiff has also worked as a customer service agent for Emery Air Freight, a placement aide with the Kansas City School District, and an intake clerk with the IRS.

In 1984, plaintiff suffered a work-related injury to her right shoulder and neck. Doctors subsequently restricted her from performing work above the shoulder level. Over the years, plaintiff occasionally aggravated this injury, and at one point was given a medical restriction that required "no reaching, pulling, or lifting more than 20 pounds." Plaintiff also suffered from Crohn's disease, an inflammatory bowel impairment which causes diarrhea, bleeding, and stomach cramps.

Plaintiff filed a complaint against GM with the Equal Employment Opportunity Commission ("EEOC") in March, 1993 alleging sex discrimination. She filed another EEOC complaint in September, 1993, alleging disability discrimination and retaliation. In September, 1994, she transferred to GM's Kansas City, Kansas plant. Her supervisors at the Kansas City plant were unaware of her prior EEOC complaints.[2]

---

1. In accordance with the applicable summary judgment standard, the facts are uncontroverted or related in the light most favorable to plaintiff.

2. Plaintiff and defendant relate more detailed factual information in their papers. The court has carefully reviewed these papers and concludes that such other information is not material to the resolution of defendant's motion. The court therefore does not elaborate on the information here.

## II.  Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Anthony v. *United States,* 987 F.2d 670, 672 (10th Cir.1993).  The court views the evidence and draws any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986); *Hall v. Bellmon,* 935 F.2d 1106, 1111 (10th Cir.1991).  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Cone v. Longmont United Hosp. Ass'n,* 14 F.3d 526, 533 (10th Cir.1994) (citing Anderson, 477 U.S. at 249–50, 106 S.Ct. at 2510–11).  The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2512.

## III.  Disability Discrimination

■  The Americans with Disabilities Act of 1990 ("ADA") makes it illegal for an employer to "discriminate against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a).  A qualified individual with a disability is a person with (1) a disability who (2) can perform the essential functions of the employment position, with or without reasonable accommodation. 42 U.S.C. § 12111(8).  To prove discrimination, a plaintiff must show (1) that he or she is disabled under the ADA; (2) that he or she is qualified—with or without reasonable accommodation; and (3) that he or she was discriminated against because of the disability. *See Siemon v. AT&T Corp.,* 117 F.3d 1173, 1175 (10th Cir. 1997).  Defendant moves for summary judgment, contending plaintiff has not met her burden to show she is disabled and that she has not met her burden to show she is qualified.

For the purposes of plaintiff's claim, the term "disability" means "a physical or mental impairment that substantially limits one or more of [her] major life activities." 42 U.S.C. § 12102(2)(A).  In general, three factors should be considered when determining whether an impairment substantially limits a major life activity: (1) the nature and severity of the impairment, (2) the duration and expected duration of the impairment, and (3) the permanent or long-term impact, or the expected permanent or long-term impact of or resulting from the impairment. *Bolton v. Scrivner,* 36 F.3d 939 (10th Cir.1994) (citing 29 C.F.R. § 1630.2(j)(2)).  Plaintiff claims she is substantially limited from the major life activity of working.[3] *See Bolton v. Scrivner,* 36 F.3d 939, 942 (10th Cir.1994) (working is a major life activity).  "In order to demonstrate that an impairment 'substantially limits' the major life activity of working, [plaintiff] must show 'a significant restriction in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.'" *Siemon,* 117 F.3d at 1176 (citing Bolton, 36 F.3d at 942 (quoting 29 C.F.R. § 1630.2(j)(3)(i))).  "A 'class of jobs' includes 'jobs utilizing similar training, knowledge, skills or abilities, within that geographical area [from which the individual is also disqualified because of the impairment.]'" *Siemon,* 117 F.3d at 1176 (quoting 29 C.F.R. § 1630.2(j)(3)(ii)(B)).  "[A] 'broad range of jobs in various classes' includes 'jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment.'" *Siemon,* 117 F.3d at 1176 (quoting 29 C.F.R. § 1630.2(j)(3)(ii)(C)).

This court had occasion to apply these factors in *Kindle v. Mid–Central/Sysco Food Servs.,* No. 95–2123–JWL, 1996 WL 99766 (D.Kan. Feb.2, 1996).  In doing so, this court discussed the Tenth Circuit's Bolton case in detail:

> The Tenth Circuit considered the above factors in the context of facts similar to those of this case in *Bolton* ....  That plaintiff's claimed impairment included pain and numbness in his feet and a limit-

---

3.  Plaintiff does not allege she is substantially  limited from any other major life activities.

ed ability to lift weight. *Id.* at 943. He presented evidence that he had a nine percent permanent partial disability to his right foot and a twenty-nine percent permanent partial disability to his left foot. *Id.* He also presented evidence that various doctors declared that he was unfit to return to work, that he could not stand or walk for prolonged periods of time, or lift objects overhead. *Id.* In analyzing his claim, the Tenth Circuit found that this evidence addressed the nature and severity, duration and impact of plaintiff's impairment, but that it did not address whether plaintiff was significantly restricted in his ability to perform a class of jobs [or a broad range of jobs in various classes]. *Id.* at 944. Absent such evidence, summary judgment was proper. *Kindle,* 1996 WL 99766, at *7. Like the plaintiff in Bolton, the plaintiff in *Kindle* lost on summary judgment because he presented no evidence showing he was restricted from a class of jobs. *Id.*

■ Plaintiff here cannot survive summary judgment because her claim is indistinguishable in any material way from the claims advanced in *Bolton* and *Kindle.* She has not pointed the court's attention to any evidence of her vocational training, the geographic area to which she has access, the number and type of jobs demanding similar training from which she would also be disqualified, or even the number and type of jobs not utilizing similar training from which she would also be disqualified. Defendant, on the other hand, has pointed the court's attention to uncontroverted evidence of the plaintiff's vocational training and experience. This evidence all supports a finding that plaintiff's medical problems do not substantially impair her ability to work. Plaintiff has completed some college course work. She has almost completed the training necessary to receive a paralegal certificate. She has worked as a postal assistant with the United States Post Office, a worker in the personnel department of the Kansas City Police Department, a telephone operator for Southwestern Bell, a customer service representative for Emery Air Freight, a placement aide with the Kansas City School District, and an intake clerk with the Internal Revenue Service. In light of plaintiff's failure to adduce any evidence she is substantially limited from the major life activity of working and defendant's substantial and uncontroverted evidence that she is not so limited, defendant is entitled to summary judgment on this claim. *See Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2511–12 (summary judgment proper if evidence "is so one-sided that one party must prevail as a matter of law").

Plaintiff attempts to compensate for her failure to produce evidence of her ability to work by arguing that various statements and conduct by GM prove she is unable to perform a class of jobs. Plaintiff believes GM admitted she is unable to perform any of the thousands of jobs available at GM. The thousands of jobs at GM, plaintiff argues, constitute a class of jobs under the ADA. Therefore, plaintiff believes she is significantly restricted in her ability to perform a class of jobs.

■ The court rejects plaintiff's argument because plaintiff has not shown GM admitted she is unable to perform any GM job. Plaintiff points to evidence that GM did not allow her to do sit-down work because it had "no sit-down work available." She also points out that GM did not allow her to do work that did not require pushing and pulling because it had no jobs available which did not require pushing and pulling. GM points to uncontroverted evidence that the availability of jobs at its plants depends not only on medical restrictions, but also on seniority and other factors as defined in national and local collective bargaining agreements. Despite plaintiff's protestations, the fact that GM had no sit-down work available for her or that it had no work for her that did not require pushing and pulling does not show she is unable to perform the class of all jobs at GM. Thus, even if the class of all jobs at GM constituted a class of jobs for ADA purposes,[4] plaintiff has not produced sufficient

---

4. The court expresses no opinion on whether all jobs at GM or any other large employer constitute a "class of jobs" for purposes of ADA analysis. *See Siemon,* 117 F.3d at 1176 ("While Siemon may be disabled from working in a small percentage of jobs at AT & T, he is not an 'individual with a disability.' Because it is clear that Siemon has fallen far short of alleging he is substantially limited in performing a class of jobs

**1452**

evidence to show she has a significant restriction in her ability to perform the jobs in that class.

Plaintiff is not entitled to ADA protection because she has failed to produce evidence sufficient to create a triable issue of fact that she is disabled. Defendant is entitled to summary judgment on plaintiff's ADA discrimination claim.

## IV. Retaliation

■ The ADA provides, "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act." 42 U.S.C. § 12203. Title VII of the Civil Rights Act of 1964 is nearly identical. See 42 U.S.C. § 2000e–3(a). To establish a prima facie case of retaliation under either statute, a plaintiff must show "(1) protected employee action; (2) adverse action by an employer either after or contemporaneous with the employee's protected action; and (3) a causal connection between the employee's action and the employer's adverse action." *Morgan v. Hilti*, 108 F.3d 1319, 1324 (10th Cir.1997) (ADA retaliation); *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 985 (10th Cir. 1996) (Title VII retaliation).

Plaintiff has satisfied the first two elements of her prima facie case. She alleges that she engaged in protected activity by filing EEOC charges in September and December, 1993. She alleges she suffered the following adverse action after or contemporaneous with her complaints: denial of overtime wages, refusal to accommodate, discipline for failure to work within medical restrictions, placement on sick leave, denial of workers compensation benefits, and delay in payment of sick leave pay.

■ Plaintiff has not satisfied the third element of her prima facie case. To establish a causal connection between her protected activity and any subsequent or contemporaneous adverse action, a plaintiff "must show that the individual who took adverse action against her knew of the [plaintiff's] protected activity." *Williams v. Rice*, 983 F.2d 177, 181 (10th Cir.1993). Plaintiff admits to having no evidence that any of the individuals at GM who took adverse action against her knew she had filed an EEOC complaint. Defendant, on the other hand, offers affidavits from a number of the adverse decision makers stating that they had no such knowledge.

■ Plaintiff submits one piece of evidence in an attempt to satisfy the causation element, but the court finds that this evidence simply does not support an inference of causation. Specifically, plaintiff submits a letter written to her by a union shop chairman while plaintiff was working at GM's Kansas City plant. The shop chairman apparently was associated with the Fort Wayne plant, because his letterhead shows an Indiana address. The letter explains the status of a number of plaintiff's internal grievances. The letter discusses a grievance settlement wherein the union would request plaintiff to abandon "any and all legal, contractual, or EEOC action against General Motors in connection with her employment at Fort Wayne Assembly." Plaintiff contends this language raises an inference that her supervisors at the Kansas City plant knew she had engaged in protected activity.[5] The court disagrees. First, nothing on the face of the letter indicates anyone in Kansas City other than the plaintiff had any knowledge of the letter. Second, the letter's language appears to be boilerplate. Plaintiff's most recent EEOC complaint was filed approximately nineteen months before the letter. It was no longer pending at the time the letter was written, so any request for her to abandon such complaint was moot.

---

or a broad range of jobs in various classes, *we need not determine how large or wide a group of jobs must be to constitute a 'class' for purposes of the ADA."* ) (emphasis added).

**5.** Although her papers are somewhat unclear, plaintiff may also be arguing that the letter shows her supervisors at the Fort Wayne plant

knew she engaged in protected activity. This argument is without merit because the letter was written after plaintiff moved to Kansas City. Of course, the letter does not show that plaintiff's Fort Wayne supervisors knew she had engaged in protected activity. Even if it did, however, it does not show they knew of her protected activity while she worked at Fort Wayne.

Plaintiff has not demonstrated a causal connection sufficient to survive summary judgment on her retaliation claim. Defendant's motion for summary judgment is granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the motion for summary judgment by defendant General Motors (Doc. 39) is granted.

**IT IS SO ORDERED.**