**Shirley CLARK, Plaintiff–Appellee,**

v.

**HAAS GROUP, INC., Defendant–Appellant.**

Nos. 90–1353, 90–1362.

United States Court of Appeals, Tenth Circuit.

Jan. 15, 1992.

Richard C. LaFond and Jay R. Khandke of Denver, Colo., for plaintiff-appellee.

James J. Thomas, II and David L. Balser of Long, Aldridge & Norman, Atlanta, Ga., for defendant-appellant.

Before McKAY, Chief Judge, BARRETT and BRORBY, Circuit Judges.

BARRETT, Senior Circuit Judge.

Haas Group, Inc. (HGI) appeals from the judgment entered in favor of Shirley Clark (Clark) and two orders of the district court denying its motions for summary judgment and for judgment notwithstanding the verdict, a new trial, or remittitur.

HGI is in the business of publishing and distributing apartment guides in approximately forty cities. HGI sells advertising in its guides to various apartment owners. The guides are distributed free of charge to the public by placing them in various retail outlets including supermarkets and convenience stores.

Clark, then age 49, was employed with HGI on January 11, 1984. She worked for HGI until October 31, 1986. During her employment with HGI, Clark worked as a distribution co-manager, distribution manager, and assistant regional distribution supervisor. Clark's work included, but was not limited to, delivery of the guides, promotion of the guides, overseeing and implementing all areas of distribution of the guides, and coordinating with the home office.

HGI fired Clark, then fifty-one years of age, on October 31, 1986, citing nonperformance of job duties, refusal to do assigned work, neglect in turning in travel reports, and failure to follow up on correspondence with King Soopers, nearly resulting in the loss of the account. Several months later, Clark went into the magazine distribution business as self-employed until June, 1988.

Clark sued HGI in the federal district court for the District of Colorado on May 18, 1987, under the Fair Labor Standards Act, 29 U.S.C. § 216(b), to recover unpaid overtime compensation, liquidated damages, and attorney's fees and costs. The parties subsequently filed a stipulated motion to dismiss Clark's action with prejudice. On July 27, 1988, the court entered an order dismissing the action with prejudice, directing the parties to bear their own costs.

In July, 1988, Clark went to work as an assistant distribution manager for HGI's only competitor in Denver, Colorado, at a salary of $18,000.00 per year. On November 1, 1988, Clark was promoted to distribution manager at a salary of $25,000.00 per year. She was terminated three and one-half months later.

On October 31, 1988, Clark filed the instant suit against HGI in the same federal district court in which she had filed her first suit. Her complaint was identical to her complaint in the first suit insofar as it was predicated exclusively on her employment at HGI from January 11, 1984, through October 31, 1986. Clark asserted two claims, i.e., (1) that HGI had deprived her of equal pay under the Equal Pay Act, 29 U.S.C. § 206(d),and (2) that HGI had discriminated against her because of her age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. She sought damages in the form of back pay, front pay, liquidated damages, attorney fees and costs.

Within her complaint, Clark alleged that HGI had paid her "at a rate less than the rate [HGI] paid males for work performance requiring equal skill, effort, and responsibility, and performed under similar working conditions," (Addendum, Part One, Tab 4 at p. 6), and that HGI's "acts, conduct, and practices ... constitute[d] age-based discrimination against [her] with respect to her compensation, terms, conditions and/or privileges or employment in violation of [ADEA]." *Id.* at p. 10.

HGI moved for summary judgment, alleging that the doctrine of res judicata barred Clark's suit. In denying HGI's motion, the court found:

> The doctrine of res judicata prohibits a party from asserting in a second lawsuit any matter that might have been asserted in the first lawsuit. *Prospero Associates v. Burroughs Corp.*, 714 F.2d 1022, 1025 (10th Cir.1983). In order for the doctrine to apply, three elements must be present: (1) the first suit must have proceeded to a final judgment on the merits; (2) the parties must be identical or in privity; and (3) the suits must be based on the same cause of action.
>
> Here the first two elements are present.... The court concludes, however, that the two suits are not based on the same cause of action.
>
> The Tenth Circuit Court of Appeals in *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329 (10th Cir.1988) adopted the transactional approach, advocated by the Restatement

(Second) of Judgments § 24 (1982), to the third element. This pragmatic approach requires the Court to take into account three factors: 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or useage.' Restatement § 24(2). In determining trial convenience, the court shall examine to what extent the witnesses or proofs in the second action tend to overlap the witnesses or proofs in the first action. Restatement § 24, comment b.

In the first lawsuit, plaintiff sued only for unpaid overtime compensation. However, in the case at bar, the wrong asserted is the alleged discrimination against plaintiff. In applying the factors of the Restatement, it appears that the first factor is not met, since the facts needed to prove a charge of discrimination are very different in motivation and origin from the facts needed to prove the overtime compensation charge. Furthermore, the second factor is not present. The proof, if not the witnesses, in the second lawsuit will be quite different from that in the first lawsuit. Plaintiff will have to go through the more complex methods of proving sex and age discrimination.

(Addendum, Part One, Tab 5 at pp. 2–3).

Prior to trial, the parties filed a stipulated motion to dismiss Clark's Equal Pay Act claim. The district court subsequently entered an order dismissing the claim with prejudice. Thereafter, Clark's case proceeded to trial solely on her ADEA claim. The jury returned a verdict awarding Clark $65,533.00 in back pay and $598,226.00 in front pay. The district court also awarded Clark attorney fees of $33,019.50. HGI's motions for judgment notwithstanding the verdict, a new trial, or remittitur were denied.

On appeal, HGI contends that the court erred in: deciding that Clark's claim was not barred by res judicata; deciding that front pay could be awarded even though Clark had obtained a replacement job at a higher salary prior to trial; allowing the jury to determine the amount of front pay to be awarded; instructing the jury with respect to front pay.

HGI also contends that: the amount of the jury's front pay award was not supported by the evidence; the jury's back pay award was not supported by the evidence; the court erred in admitting Clark's written calculations of purported lost wages; the court erred in denying its motion for a new trial, or, in the alternative, remittitur; and the award of attorney fees should be reversed. Because of its dispositive nature, our discussion will be limited to HGI's contention that Clark's instant action was barred by res judicata.

As set forth, *supra*, the district court denied HGI's motion for summary judgment based on res judicata after finding that "the two suits are not based on the same cause of action" and "the facts needed to prove a charge of discrimination are very different in motivation and origin from the facts needed to prove the overtime compensation charge."

■ In reviewing a grant of summary judgment we utilize the same standard that the district court employs. *Metro Oil v. Sun Refining & Marketing Company*, 936 F.2d 501, 503 (10th Cir.1991). We view the evidence most favorably to the nonmoving party to ascertain whether a genuine issue of fact exists; we review legal questions *de novo*. *Merrick v. Northern Natural Gas Co.*, 911 F.2d 426, 429 (10th Cir.1990). We also review *de novo* a district court's order denying a motion for judgment notwithstanding the verdict, applying the same standard applied by the district court. *Heyen v. United States*, 945 F.2d 359, 362 (10th Cir.1991). A district court's conclusions as to res judicata are conclusions of law and reviewable *de novo*. *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir.1990).

■ Res judicata generally applies where there is an identity of parties and of claims and a final judgment on the merits. *Sil–Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir.1990). It is designed to ensure the finality of judicial decisions.

*Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981); *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *Northern Natural Gas Company v. Grounds,* 931 F.2d 678, 681 (10th Cir. 1991) (Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action); *Sil–Flo, Inc. v. SFHC, Inc., supra.* "Stated alternatively", under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *May v. Parker–Abbott Transfer and Storage, Inc.,* 899 F.2d 1007, 1009 (10th Cir. 1990), quoting, *Petromanagement Corp. v. Acme–Thomas Joint Venture,* 835 F.2d 1329, 1335 (10th Cir.1988), quoting, *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979).

■ Here, there was an identity of parties; Clark and HGI were the same, and only, parties in both suits. Moreover, the stipulated, voluntary dismissal of Clark's first suit, approved by the court with prejudice, was a judgment on the merits. *Brooks v. Barbour Energy Corporation,* 804 F.2d 1144, 1146 (10th Cir.1986). Under such circumstances, res judicata barred Clark's instant suit to the degree that it was based on the same cause of action as her first suit.

Determining what constitutes a single cause of action has long been a troublesome question. *Petromanagement v. Acme–Thomas Joint Venture,* 835 F.2d at 1335. In *May v. Parker–Abbott Transfer and Storage, Inc., supra,* we stated:

> In order to determine what constitutes a single 'cause of action' in any given case, this circuit applies the transactional

approach of the *Restatement (Second) of Judgments* § 24 (1982):

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

> (2) What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as to whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

> ... Under this approach, this circuit also recognizes that 'a "contract" is generally considered to be a "transaction," so that all claims of contractual breach not brought in an original action would be subject to bar of claim preclusion, so long as the breaches antedated the original action'....

899 F.2d at 1009–10.

In *May v. Parker–Abbott Transfer and Storage, Inc., supra,* we applied res judicata to bar a second suit, holding that "[h]ere, appellant has brought one suit to force the payment of delinquent monthly contributions (late delivery), and now brings another seeking an audit to ensure the accurate calculation of those contributions...." 899 F.2d at 1010.

■ Inasmuch as the doctrine of res judicata precludes parties from relitigating issues that were or could have been raised, parties cannot defeat its application by simply alleging new legal theories. *See: Bill's Coal Company v. Board of Public Utilities,* 887 F.2d 242 (10th Cir.1989) (inasmuch as coal buyer had a full opportunity to litigate its antitrust claims in earlier case involving breach of contract, res judicata barred subsequent suit attacking termination clause as being unduly restrictive of

competition among coal suppliers); *Bolling v. City & County of Denver, Colorado*, 790 F.2d 67 (10th Cir.1986) (res judicata barred plaintiff's 42 U.S.C. §§ 1981 and 1983 claims for wrongful termination because of sex and race where plaintiff failed to raise sex and race discrimination in prior state action when she challenged her employment termination based upon charges that she did not perform her duties satisfactorily or follow supervision); *Fleming v. Travenol Laboratories, Inc.*, 707 F.2d 829, 833 (5th Cir.1983) (quoting *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983) (en banc) (adverse judgment on the merits in a Title VII action barred successive § 1983 claim where primary right and duty asserted and the primary wrong complained of are the same in each action); *In Re Air Crash at Dallas/Fort Worth Airport*, 861 F.2d 814, 816 (5th Cir.1988) (a legal theory or claim is part of the same cause of action as a prior claim if it arises from "the same operative nucleus of fact"); *Smith v. City of Chicago*, 820 F.2d 916, 918 (7th Cir.1987), quoting *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir.1986) (even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains but a single cause of action); *Mills v. Des Arc Convalescent Home*, 872 F.2d 823, 826–827 (8th Cir.1989) (prior judgment in Title VII suit barred § 1981 suit based on same transaction); *Cemer v. Marathon*, 583 F.2d 830 (6th Cir.1978) (Where plaintiff, following his employment discharge, first filed suit alleging that his termination violated the ADEA and that action was dismissed, constituting a final adjudication on the merits, plaintiff's subsequent suit in different court alleging a breach of employment contract was barred by res judicata; both suits sought to remedy a single alleged wrong—the plaintiff's discharge).

Here, the "transaction" was Clark's employment with HGI, and her claims of breach of employment duties asserted against HGI, in totality (the two lawsuits) involved (a) unpaid overtime, (b) back pay and front pay damages under the ADEA, (c) damages under the Equal Pay Act, and (d) attorney fees and costs. Had each of these claims been asserted by Clark in her complaint filed in the first suit, they would have been heard and determined.

There is no provision in the federal rules of civil procedure requiring that a complaint state a "cause of action" or allege "facts." Rather, Fed.R.Civ.P. 8(a) provides that a pleading must set forth certain criteria in order to constitute a "claim" for relief. The code permits a plaintiff to plead alternatively and the court is authorized to award the plaintiff such relief as the evidence entitles. Thus, Rule 8(a) eliminates the "cause of action" concept, and Rule 8(e)(2) permits a party to set forth two or more statements of "claim" alternatively or hypothetically. *See also* Rule 8(a)(3) (relief may be demanded in the alternative); Rule 18(a) (a party asserting an original claim may join as many claims, legal, equitable, or maritime, as he has against an opposing party).

We hold that the district court erred in denying HGI's motion for summary judgment based on res judicata. As set forth, *supra,* Clark filed the instant suit in the same federal district court where she had filed her first suit, some eighteen months before. The parties were identical. There was a single "transaction" in that the "claims" in each case were predicated on Clark's employment with HGI from January 11, 1984 through October 31, 1986. The only distinction in the two suits involved the legal theories Clark advanced. However, res judicata precludes parties from "relitigating issues that were or could have been raised in the prior action." *Northern Natural Gas Company v. Grounds, supra,* at 681.

Notwithstanding the district court's finding to the contrary, we must hold that the two actions were "related in time, space, origin, or motivation." *Restatement (Second) of Judgments* § 24 (1982), *supra.* Furthermore, the "claims" asserted in the two cases formed "a convenient trial unit," *id.,* particularly in that the various "claims" and legal theories were predicated exclusively on Clark's employment relationship with HGI. By permitting the instant

case to proceed, the district court allowed "precisely the sort of piecemeal litigation, unnecessary expense, and waste of judicial resources that the doctrine of res judicata is designed to prevent." *May v. Parker–Abbott Transfer and Storage, Inc.,* 899 F.2d at 1010.

REVERSED AND REMANDED for further proceedings consistent herewith.