UNITED STATES COURT OF APPEALS
**Filed 7/24/96**
TENTH CIRCUIT

GEORGE MENDOZA,

      Plaintiff-Appellant,

v.

NEW MEXICO STATE UNIVERSITY,
BOARD OF REGENTS OF NEW
MEXICO STATE UNIVERSITY,
WILLIAM B. CONROY, MARY
THUMANN, DEBORAH DENNIS,
PATRICIA WOLF, and ROBERT E.
HOWELL,

      Defendants-Appellees.

No. 95-2105
(D.C. No. CIV 94-1426 JC/WWD)
(District of New Mexico)

ORDER AND JUDGMENT[*]

Before **PORFILIO**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **ALARCON**, Senior Circuit Judge.[**]

This case concerns the doctrine of *res judicata.*

George Mendoza, an Hispanic male who is visually impaired and qualifies as

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

[**] Honorable Arthur L. Alarcon, Senior Circuit Judge for the Ninth Circuit, sitting by designation.

disabled under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), was employed for some eight years as Assistant Coordinator of the Student Disabled Program at New Mexico State University ("University"), located in Las Cruces, New Mexico. Mendoza was terminated from his employment effective July 30, 1993. Prior to his termination, Mendoza had filed two complaints with the Equal Employment Opportunity Commission ("EEOC"). The first alleged discrimination based upon national origin, physical disability and retaliation for filing internal complaints of discrimination. The second charge, filed after Mendoza received a Notice of Proposed Termination, alleged retaliation based upon that notice.

On July 16, 1993, after receiving the Notice of Proposed Termination but before the actual termination, Mendoza filed a complaint in the United States District Court for the District of New Mexico against the University and individual defendants Mary Thumann ("Thumann"), Deborah Dennis ("Dennis") and Patricia Wolf ("Wolf"), all employees at the University. The complaint alleged "Deprivation of Constitutional Rights," and was brought pursuant to 42 U.S.C. §§ 1983, 1985, and 12117.

In paragraph twelve of Count I of his complaint, Mendoza alleged, without any particular detail, that the defendants had subjected him "to arbitrary and capricious disciplinary actions . . . which has [sic] resulted in [his] discharge from employment." In paragraph thirteen, Mendoza alleged that the defendants "have acted in concert to create, conduct and orchestrate a hostile work environment, directed against [him], which has

resulted in his discharge from employment." And in paragraph sixteen, Mendoza alleged that the defendants, acting in concert, "have instituted and undertaken personnel actions, seeking to terminate and/or suspend or otherwise discipline [him], in violation of [his] due process rights in such employment." Mendoza sued for judgment against the defendants "in an amount to be proved at trial."

In Count II, Mendoza alleged that the defendants' actions towards him were "based, in whole or in part, upon his gender and sexual orientation." In Count III, Mendoza alleged that the "defendants have refused to make reasonable accommodation to enable [him] to continue to be employed, in light of his physical disability." The complaint was drawn by his attorney of record.[1]

On April 15, 1994, Mendoza, through counsel, filed a motion to dismiss his July 16, 1993, complaint. In that motion, Mendoza stated "that he no longer wishe[d] to pursue the matters in litigation," and that "counsel for the defendants ha[d] been contacted and agree[d] to this dismissal." The district court granted Mendoza's motion to dismiss that same day, and dismissed the complaint, "with prejudice."

On December 15, 1994, Mendoza filed a second, *pro se,* complaint in the United States District Court for the District of New Mexico against the University, Thumann, Dennis, Wolf, and additional individual defendants, Elva G. Tilles ("Tilles"), William B.

---

[1] The entire complaint was couched in general and conclusory terms and did not set forth particular events or dates.

Conroy ("Conroy") and Robert E. Howell ("Howell"), also employees of the University. The complaint was almost identical to the complaint filed on his behalf by his attorney on July 16, 1993, merely adding four additional claims, one for "breach of contract," one for "wrongful discharge," one based on the "Americans with Disabilities Act," and a final one for "Retaliation." As concerns the additional four counts, they were all "one-liners," and all we know about these four counts has been set forth immediately above.

On December 28, 1994, the defendants filed a Motion for Immediate Dismissal. As grounds therefor, the defendants asserted that "all claims are barred by *res judicata* or claim preclusion." In response, on January 30, 1995, Mendoza filed a *pro se* "First Amended Complaint," naming as defendants the University, Conroy, Thumann, Dennis, Wolf, and Howell. The federal claims asserted in that complaint were based on 42 U.S.C. §§ 1983, 12203, and 29 U.S.C. § 794.

In his First Amended Complaint, under the heading "General Allegations," Mendoza alleged the following: (1) on February 13, 1993, Mendoza filed a complaint with the EEOC, charging the University and the defendants Thumann and Dennis with employment discrimination based on his national origin, his disability and for filing internal complaints of discrimination with the local office of the EEOC at the University[2]; (2) on July 2, 1993, Mendoza received a "Notice of Proposed Termination" from the

---

[2] In his complaint filed with the EEOC Mendoza alleged that these acts occurred between January 1, 1990, and January 25, 1993, and all pertained to on-the-job discrimination.

University; (3) on July 12, 1993, Mendoza filed a second complaint with the EEOC charging the University with "retaliation, to wit: the intent to terminate him for his prior filing with the EEOC"; (4) on July 16, 1993, Mendoza filed a complaint in the United States District Court for the District of New Mexico charging the defendants with "disparate treatment based upon gender and disability and alleging procedural and substantive due process violations"; (5) a hearing was held on the Notice to Terminate, and Mendoza's employment with the University was terminated, effective July 30, 1993; (6) on August 26, 1997, a post-termination hearing was held before the school's Professional Personnel Board, which recommended that the termination be upheld; and (7) on September 2, 1993, the defendant Conroy, after reviewing the hearing transcripts, upheld the termination.

Count I of the First Amended Complaint set forth a charge against all defendants based on 42 U.S.C. § 1983. Count II was based on "Retaliation in Violation of the ADA and the Rehabilitation Act [29 U.S.C. § 701, et seq.]." Count III and Count IV were both state claims, based upon breach of contract and retaliatory discharge, respectively.

The defendants filed an answer to Mendoza's First Amended Complaint on February 14, 1995. As their first affirmative defense, they alleged that the complaint failed to state a claim upon which relief could be granted, because all claims were barred by *res judicata*. The defendants also filed a motion for immediate dismissal based on *res judicata.*

On February 22, 1995, the district court granted the defendants' motion to dismiss, holding that the voluntary dismissal of Mendoza's July 16, 1993, complaint was a final judgment which barred bringing a second suit. Specifically, the district court held that "the same events underlying the earlier Complaint also form the nucleus of conduct on which Plaintiff bases his claim in the present action." Accordingly, the district court dismissed the First Amended Complaint, "with prejudice in its entirety."

At this point, the attorney who now represents Mendoza in this Court filed with the district court an entry of appearance for the "sole and specific purpose of assisting him in drafting, filing and perfecting a motion to seek a rehearing of the motion by Defendants to dismiss the First Amended Complaint on *res judicata* grounds or, in the alternative, to set aside under Rule 60 the order filed on February 22, 1995, dismissing the Complaint on said grounds."

On March 7, 1995, Mendoza, through counsel, filed a motion for rehearing or to set aside the district court's order, alleging, *inter alia*, that the order had been entered before Mendoza had an opportunity to respond. A memorandum was filed in support of said motion. The defendants, in response, stated that they had no objection to a rehearing and filed a reply to Mendoza's memorandum.

On April 24, 1995, the district court denied Mendoza's motion, stating that Mendoza did have an opportunity to respond to the defendant's answer and request for dismissal based on *res judicata.* However, the court went on to consider the "written

arguments and materials" presented by Mendoza's counsel in his memorandum and concluded that "its February 22, 1995 order dismissing this action was proper." Mendoza appeals. We affirm.

Under the doctrine of *res judicata,* "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action". *Allen v. McCurry,* 449 U.S. 90, 94 (1980); *See also Satsky v. Paramount Inc.,* 7 F.3d 1464, 1467 (10th Cir. 1993) (same). "Inasmuch as the doctrine of *res judicata* precludes parties from relitigating issues that were or could have been raised, parties cannot defeat its application by simply alleging new legal theories." *Clark v. Haas Group, Inc.,* 953 F.2d. 1235, 1238 (10th Cir. 1992), *cert. denied,* 507 U.S. 832 (1992). Further, "[a] district court's conclusions as to *res judicata* are conclusions of law and reviewable *de novo." Id.* at 1237.

Mendoza agrees that his initial action proceeded to a final judgment when the district court granted his motion and dismissed the action with prejudice. Mendoza also agrees that the same parties, or their privies, are involved in the two actions. However, Mendoza maintains that the issues in the two actions are not identical, and that his *pro se* First Amended Complaint "is not based on the same cause of action as the first suit that was dismissed, on his motion, with prejudice."

In determining what constitutes a single cause of action, we have adopted the transactional approach" recommended by the *Restatement (Second) of Judgments* § 24

(1982). *Petromanagement Corp. v. Acme-Thomas Joint Venture,* 835 F.2d 1329 (10th Cir. 1988). Under the transactional approach, a final judgment on the merits extinguishes the plaintiff's claim, including "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Petromanagement*, 835 F.2d at 1335. Whether certain facts constitute a "transaction" or a "series of corrected transactions" is to be determined pragmatically, "giving weight to such considerations as to whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.*

Mendoza's contention that the issues raised in his First Amended Complaint are not identical to the issues raised in his initial complaint appears to be based exclusively on the fact that he had not been terminated from his employment when he filed his first action on July 16, 1993, and that he was not terminated until sometime subsequent to that time. Thus, Mendoza essentially argues that his termination constitutes a separate transaction from the prior on-the-job discrimination that formed the basis of his initial complaint. We are not persuaded by this argument.

Under the "transactional approach", any claim for unlawful discharge in this case arguably would be barred under *res judicata,* even though Mendoza was not actually terminated until after July 16, 1993, and even if Mendoza had not asserted a claim in his

first complaint based on unlawful discharge. Certainly it would seem that we are here involved with a "series of connected transactions." On February 13, 1993, Mendoza filed his first complaint against the University with the EEOC. On July 2, 1993, Mendoza received a Notice of Proposed Termination from the University. On July 12, 1993, Mendoza filed a second complaint with the EEOC against the University based on "retaliation." Further, in that EEOC charge, Mendoza indicated that he intended to challenge the termination in court on a retaliation theory. Mendoza's first complaint in federal district court, filed on July 16, 1993, charged the University, *inter alia,* with unlawful discharge. On July 19, 1993, Mendoza was in fact discharged by the University, the discharge to become effective on July 30, 1993.[3] Certainly the foregoing would seem to constitute a "series of connected transactions," and Mendoza's termination cannot be considered separately from the other allegedly discriminatory acts, which led to his termination.

However, even though Mendoza may have still been an employee of the University on July 16, 1993, when he filed his first action, the important fact is that in his first action Mendoza did allege, in so many words, a claim for unlawful discharge. Indeed, that was the gravaman of his complaint. Counsel's suggestion in a footnote of his brief that such allegations were "premature, mistakenly included and a *non-sequitur"* is not very convincing. Not only were there claims made in the first complaint based on

---

[3] That discharge was administratively upheld on September 2, 1993. The defendants do not dispute the chronology of events now relied on by Mendoza.

unlawful termination, but, so far as we can tell, they were still in the complaint when, on Mendoza's own motion, the first complaint was dismissed on April 15, 1994, because Mendoza "no longer wished to pursue the matters in litigation."

In sum, under the described circumstances, we agree with the district court that Mendoza's First Amended Complaint is barred by the final judgment entered in the first action against the University.

Judgment affirmed.

Entered for the court:

Robert H. McWilliams
Senior Circuit Judge