108 F.3d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Weldon Eugene WIGGINS, II, Plaintiff-Appellant,
v.
James H. GOMEZ, Director, Department of Corrections; Jerry
Stainer, Warden, Defendants-Appellees.
 No. 96-15385.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 14, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Weldon Eugene Wiggins, II, a California state prisoner, appeals pro se from the district court's summary judgment on the basis of res judicata in favor of prison officials in Wiggins's 42 U.S.C. § 1983 action alleging that he was wrongfully segregated from the general population. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's ruling on the availability of res judicata. See Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir.1988).
 
 
 4
 Wiggins contends that his action is not precluded by his previous action because he is challenging his administrative segregation on different grounds.[1]
 
 
 5
 "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); see Clark v. Haas Group, Inc., 953 F.2d 1235, 1238 (9th Cir.1992). Parties cannot defeat the application of res judicata by simply alleging new legal theories. Clark, 953 F.2d at 1238.
 
 
 6
 Here, in Wiggins v. Rowland, No. 93-15779 (9th Cir. Aug. 11, 1994), we affirmed a district court's summary judgment in favor of prison officials in Wiggins's previous action alleging that he was placed in administrative segregation in retaliation for his legal filings. In the instant action Wiggins contends that his administrative segregation is unlawful because it is based solely on his gang membership rather than any rule violations. Wiggins also contends that because administrative segregation is no different than disciplinary segregation, he is effectively being wrongfully disciplined for his gang membership. Because Wiggins's new claims are simply new legal theories for challenging his placement in administrative segregation which he could have raised in his previous action, Wiggins's claims are barred by res judicata. See Federated Dep't Stores, Inc., 452 U.S. at 398; Clark, 953 F.2d at 1238.
 
 
 7
 Accordingly, the district court did not err by granting summary judgment in favor of the defendants. See Robi, 838 F.2d at 321.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly Wiggins's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not consider Wiggins's contention regarding the length of his confinement in administrative segregation because it is raised for the first time in his reply brief. See Eberle v. City of Anaheim, 901 F.2d 814, 817 (9th Cir.1990) (stating that generally appellants cannot raise an issue for the first time in their reply brief)