**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 23 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

TAMAR STIEBER,

  Plaintiff-Appellant,

v.

JOURNAL PUBLISHING
COMPANY, d/b/a ALBUQUERQUE
JOURNAL,

  Defendant-Appellee.

No. 96-2098
(D.C. No. CIV-95-1149-JC)
(D. N.M.)

ORDER AND JUDGMENT*

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Tamar Stieber appeals from the district court's judgment dismissing with prejudice her second Title VII complaint against appellee. The first suit, alleging discrimination in violation of Title VII and numerous incidents of retaliation, resulted in the dismissal of a majority of appellant's claims, and a jury verdict against appellant on the two remaining claims. The district court dismissed appellant's second complaint, alleging constructive discharge, on the basis of res judicata. Our jurisdiction over this appeal arises from 28 U.S.C. § 1291; we affirm.

On appeal, appellant argues three points. We shall address the last point first. Appellant contends that appellee waived application of res judicata to the current constructive discharge claim by failing to object when appellant's attorney withdrew from consideration in her first suit evidence relating to the circumstances leading to her resignation. This argument was not raised to the district court. It is a general rule that this court will not consider an issue on appeal that was not raised below, see Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992), and we see no reason to depart from it in this case. Cf. Doelle v. Mountain States Tel. & Tel., 872 F.2d 942, 944 n.4 (10th Cir. 1989) (court will consider issues not raised below "only under exceptional circumstances or to prevent manifest injustice") (quotation omitted).

Appellant argues that res judicata does not apply to her case because her second suit was based on different operative facts and a different legal theory than those advanced in her first suit. As in this case, where the facts are not in dispute, we review de novo the district court's application of the substantive law of res judicata. See Nwosun v. General Mills Restaurants, Inc., No. 96-6309, 1997 WL 549807, at *1 (10th Cir. Sept. 8, 1997). Appellant's arguments ignore an important aspect of the doctrine of res judicata and misunderstand the sound basis of the district court's order.

"Res judicata, or claim preclusion, precludes a party . . . from relitigating issues that were or *could have been* raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits." King v. Union Oil Co., 117 F.3d 443, 445 (10th Cir. 1997) (emphasis added). When a subsequent claim is one that was not, but *could have been* brought in the first suit, the focus of the res judicata analysis is not primarily whether the precluded claim is based on similar operative facts or legal theories as those posited in the earlier suit. See Clark v. Haas Group, Inc., 953 F.2d 1235, 1238 (10th Cir. 1992) (parties cannot defeat application of res judicata by "simply alleging new legal theories"). The question is whether the claims in both suits arise from the same "cause of action." See King, 117 F.3d at 445. "Determining what constitutes a single cause of action has long been a troublesome question." Clark, 953 F.2d at 1238. This

circuit has adopted the transactional approach from the <u>Restatement (Second) of Judgments</u> to determine this point. <u>See</u> <u>id.</u>; <u>King</u>, 117 F.3d at 445. That approach provides:

> "[A] final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What constitutes a 'transaction' or a 'series' is to be determined pragmatically considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit."

<u>King</u>, 117 F.3d at 445 (alteration in original). Where, as here, the operative facts are overlapping, <u>see</u> <u>id.</u>; Appellant's App. at 84-85 (Motion to Amend, wherein appellant submits that "[m]any of the issue in the constructive discharge claim overlap and converge with the issues on the retaliation claim which is set for trial"), and where both the facts and claims relate exclusively to appellant's employment relationship, <u>see</u> <u>Clark</u>, 953 F.2d at 1239, we agree with the district court that appellant's second suit arises from the same cause of action, or "employment transaction," as her first suit. <u>See</u> Appellant's App. at 239 (District Court's Memorandum Opinion).

Further, appellant misunderstands the import and effect of the district court's denial of her motion to amend, filed one month before trial on her first suit. Although she admits that the district court denied the motion as untimely, Appellant's Br. at 9, she earlier characterizes the dismissal as "due to lack of

-4-

additional discovery time," id. at 4, a description which plainly misrepresents the district court's ruling. Appellant also argues that she was not dilatory in filing her motion to amend, and contends that she alerted both the court and defendants to her constructive discharge claim within a month of her resignation. Appellant could have challenged the denial of her motion to amend and raised these points on appeal from the judgment of her first suit, but she failed to do so.

We disagree with appellant's contention that the district court erred by considering untimeliness as a factor in the res judicata analysis. Under the facts of this case, the district court's denial of appellant's motion to amend as untimely demonstrates that appellant *could have brought* her constructive discharge claim in her first suit had she filed for leave to amend in a timely manner. Accordingly, we agree with the district court that appellant's failure to file her motion in a timely manner resulted in the loss of her constructive discharge claim under the doctrine of res judicata. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge