**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANK M. MUNIZ,

        Plaintiff-Appellant,

v.

JIM MOORE, STG Coordinator, sued in his individual capacity; Unknown Named STG officers, sued in their individual Capacities; DONALD A. DORSEY, Deputy Director of Adult Prisons, Sued in his individual capacity; COLLEEN MCCARNEY, Central Bureau of Classification (CBC) Administrator, sued in her individual capacity; LARRY A. PHILLPS, Caseworker, sued in his individual capacity; MIKE A. HEREDIA, Warden, sued in his individual capacity; BRIAN JOHNSON, Unit Manager, sued in his individual capacity; and JAMES THOMAS, Unit Manager/ Classification Appeals Officer, sued in his individual capacity,

        Defendants-Appellees.

No. 09-2199
(D.C. No. 1:08-CV-00714-JB-ACT)
(D. of N.M.)

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Frank M. Muñiz, a New Mexico state prisoner proceeding *in forma pauperis* and pro se,[1] appeals the dismissal of his civil rights complaint. Muñiz alleges that prison officials twice used false information to reclassify and ultimately segregate him from other prisoners in violation of his Eighth and Fourteenth Amendment rights. The district court dismissed the first claim because Muñiz had already argued it unsuccessfully before the court, and it dismissed the second claim because it did not present a cognizable cause of action.

We exercise jurisdiction under 28 U.S.C. § 1291, and for substantially the same reasons the district court dismissed Muñiz's claims, we AFFIRM the district court's rulings.

## I. Background

---

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] We construe Muñiz's "pro se pleadings and other papers liberally, but we do not assume the role of advocate, and his pro se status does not relieve him of his obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009) (internal citation and punctuation omitted).

Muñiz's first claim centers on prison officials' alleged falsification of documents in his prison file. Muñiz asserts that in 2002 officials inserted a prisoner's information form into Muñiz's file so that he would be classified at a higher risk level and thus placed in a more restrictive prison. Muñiz claims that the enhanced security prison houses gang members who have threatened him with physical harm. Muñiz argues the officials' actions violated his Eighth and Fourteenth Amendment rights.

Muñiz's second claim also involves an allegation of improper prisoner classification. In 2008, prison officials again modified Muñiz's classification, this time based on an alleged escape attempt. Muñiz maintains that prison officials improperly concluded his actions were an "escape attempt." He argues the improper classification violated his Fourteenth Amendment right to due process.

The district court dismissed both claims. The district court found the first claim barred by res judicata because Muñiz had already argued in a 2003 civil rights action that officials falsified information in order to substantiate an elevated prisoner classification. Although Muñiz's current claim focuses on different documents in his prison file, the district court held the current claim is barred because it arises out of the same cause of action as the previous claim. Muñiz's second claim similarly fails because, according to the district court, he has not pleaded a cognizable Fourteenth Amendment claim.

## II.  Discussion

We review the district court's legal conclusion that res judicata bars Muñiz's first claim de novo, viewing the facts in the light most favorable to Muñiz.  *See Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) ("[T]he question of application of res judicata to the facts, viewed in the light most favorable to the nonmoving party, is a pure question of law to be reviewed de novo.") (internal citation and punctuation omitted).  We also review de novo the district court's dismissal of Muñiz's second claim under Federal Rules of Civil Procedure 12(b)(6).  *See Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

The district court correctly dismissed Muñiz's first claim on res judicata grounds.  "Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit."  *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997); *but see Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 n.4 (10th Cir. 1999) (discussing whether the fourth prong is a "requirement" or an "exception").

Liberally construed, Muñiz disputes that his current claim is based on the same cause of action as his 2003 claim.  "[A] cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or

-4-

occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation." *Nwosun*, 124 F.3d at 1257. We have cautioned that "[d]etermining what constitutes a single cause of action has long been a troublesome question." *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992). However, we have turned to the Restatement of Judgments for guidance, which states in relevant part: "What factual grouping constitutes a 'transaction', and what groupings constitute a 'series' [of transactions], are to be determined pragmatically, giving weight to such considerations as to whether the facts are related in time, space, origin, or motivation . . . ." RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982).

Muñiz's current and previous claims are part of the same series of transactions. One of Muñiz's 2003 claims centered on an alleged conspiracy among prison officials to place false information in his prisoner file, including an allegedly false escape attempt and gun crime. Muñiz now alleges that prison officials also inserted another prisoner's information into his file prior to 2003, and that the officials' action was in furtherance of a conspiracy to raise his classification level. The actions underlying Muñiz's current and previous claims occurred contemporaneously, involved the same culprits, were done with the same motive, and Muñiz discovered the actions at the same time—in late 2002. Certainly, Muñiz could have brought his current claim in 2003, when he initiated

his first civil rights action. Thus, the current and previous claims form the same series of transactions, and res judicata bars the current claim.

The district court properly dismissed Muñiz's second claim as well. Muñiz claims that in 2008 he was incorrectly classified based on an escape attempt. Like his 2003 claim, Muñiz's incorrect classification claim fails because due process generally does not give prisoners rights to particular classifications. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) ("The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property. Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison.").

The Supreme Court recently recognized a due process liberty interest at stake when a prisoner's reclassification imposed an "atypical and significant hardship." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005). But, those extreme conditions—indefinite solitary confinement that rendered the prisoner ineligible for parole—are not present here. *See id.* at 224. Muñiz merely alleges that he was transferred between state facilities. *Cf. Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system."). Furthermore, Muñiz's classifications were based on

his criminal history and behavior while in prison. The district court properly found that Muñiz did not state a cognizable due process claim.

### III. Conclusion

For the forgoing reasons, we AFFIRM the district court's rulings. We DENY Muñiz's motion for leave to proceed without prepayment of costs and fees. We remind Muñiz of his continuing obligation to make partial payments of his filing fees until they are paid in full.

ENTERED FOR THE COURT


Timothy M. Tymkovich
Circuit Judge